UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE DOMNIC AYERS,

        Plaintiff,

v.

SARAH GABIS, JESSICA MARIE LASHIER,
JOSHUA D. WEST, WALLED LAKE
POLICE DEPARTMENT, WOLVERINE
LAKE POLICE DEPARTMENT,
GARY GILBERT HENDERSON,
MATHEW LAGGAT, ANGELA MEIXNER,
MARK A. AMBROSE, JOSEPH A.
GOLDEN, and KEVIN CARLSON,

        Defendants.

_____/

Case Number 20-11735
Honorable David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING MOTIONS TO DISMISS, DENYING MOTIONS TO AMEND COMPLAINT, AND DISMISSING COMPLAINT**

The plaintiff proceeding without an attorney has filed a complaint in which he attempts to raise a variety of claims that accuse the defendants of interfering by various means with his efforts to obtain a job with a janitorial company. The case was referred to Magistrate Judge Curtis Ivy, Jr. to screen for merit and to conduct all pretrial proceedings. Three defendants filed motions to dismiss, in which another defendant concurred. The plaintiff twice moved to amend his complaint. Magistrate Judge Ivy filed a report on April 2, 2021 recommending that the motions to dismiss be granted, the second motion to amend the complaint (which superseded the first motion) be denied as futile, and the complaint be dismissed in full because it failed to state any plausible claims. The plaintiff filed objections to the report and recommendation, to which some of the defendants responded. After conducting a fresh review, it is clear that the complaint does not state any federal

claims for which relief can be granted, the proposed amended complaint does not cure the defects in the plaintiff's first effort, and there is no good reason to retain supplemental jurisdiction over the plaintiff's state law claims. Therefore, the Court will overrule the plaintiff's objections, adopt the magistrate judge's recommendation, grant the motions to dismiss, deny the motions to amend the complaint, and dismiss the case.

I.

This case appears to be an outgrowth of an earlier lawsuit that plaintiff Dane Ayers filed in this Court under the Americans with Disabilities Act and a corresponding state law alleging that a janitorial company refused to hire him because of a disability. *See Ayers v. Enviro-Clean Services, Inc, et al.*, 19-10314, Compl., ECF No. 1, PageID.2-9. Ayers named Enviro-Clean and the Walled Lake School District as defendants. The Court had dismissed that case for failure to exhaust administrative remedies on a timely basis, but that decision was vacated by the court of appeals and the case was remanded. A motion to dismiss was denied in part recently, and the case remains pending.

According to the documents filed in that case, Ayres is a former Walled Lake High School student now in his mid-twenties who suffers from an autism spectrum disorder. He alleged that on June 13, 2017, he noticed a sign posted at the Walled Lake Central High School announcing employment opportunities and he entered the school to inquire. He was directed to apply for a janitorial position through the Enviro-Clean website, which he did. Ayers said that Enviro-Clean scheduled an interview for June 20, 2017. However, on June 14, 2017, Ayers received a letter from Walled Lake Central High School accusing him of trespassing. The letter referred to a previous letter from 2016 that told him that he had no permission to be on school property.

The defendant school district alleged that Ayers was well known to its personnel "due to his behaviors," which consisted of an arrest for attacking his parents with a kitchen knife, aggression toward law enforcement officers who had to draw their pistols because he refused to drop a pocketknife, impersonation of law enforcement officers, and stalking a female law enforcement officer. *Ayers v. Enviro-Clean*, 19-10314, Mot. To Dismiss, ECF No. 22, PageID.86. Ayers alleged in that case that Walled Lake Central High School Assistant Principal Eric Henderson directed Enviro-Clean to cancel his scheduled interview and reject his employment application, and that Henderson contacted the police to initiate criminal trespassing charges against him. Ayers received a citation for criminal trespass on June 15, 2017. His interview with Enviro-Clean was cancelled. He alleged in that case that the defendants' conduct amounted to unlawful disability discrimination.

In the present case, Ayers appears to focus on the ensuing criminal trespass prosecution, naming as defendants the prosecuting attorney (Sarah Gabis), public defenders (Jessica Lahsier and Joshua West), the Walled Lake and Wolverine Lake police departments, Walled Lake Central's assistant principal Gary Henderson, Oakland County Deputy Sheriff Matthew Laggat, Enviro-Clean's lead custodian Angela Meixner, Oakland County appellate public defender Mark Ambrose, and private attorneys Joseph Golden and Kevin Carlson. He identified his federal claims as "6th Amendment Violation; Entrapment; Malicious Prosecution; Legal Malpractice; Conspiracy; Fraud; Defamation; [and] Discrimination of Disability." Compl., ECF No. 1, PageID.7. His factual narrative in support of those claims indicated that he entered a "public building" to inquire about a job and was directed to apply online, he submitted his application and moved through the hiring process to a scheduled interview, he received a trespass ticket, and his interview was cancelled. He alleges that he was "maliciously prosecuted with no physical

evidence" and "forced" to represent himself because his public defenders "refused to defend him at all." He also alleges that he sought help from a "prose clinic," and he was approached by "Mr Golden who promised to represent him in a clear act of fraud." *Id.* at PageID.8.

After defendants Wolverine Lake Police Department, Golden, and West filed motions to dismiss the complaint, Ayers moved to file an amended complaint. He followed that with a second motion to amend and attached a proposed amended complaint. In that proposed pleading Ayers sought to add Beth Ayers as a plaintiff and 20 additional defendants. It does not include much factual detail; most of the allegations are conclusory. Ayers alleges that assistant principal Henderson conspired with lead custodian Meixner and Deputy Matthew Laggat (Walled Lake Central High School's liaison officer with the Oakland County Sheriff's Department) to entrap, unlawfully arrest, and deprive Ayers of his rights to life, liberty, and happiness through a false citation for trespass. 2d Mot. To Amend Compl., ECF No. 39, PageID.549-50, at ¶ 55-56. However, Ayers does not explain how this conspiracy was planned or executed. *Ibid.* Ayers then implicates Oakland County prosecutor Sarah Gabis in the conspiracy by alleging that she maliciously prosecuted him for a false trespass citation. *Id.* at PageID.551, at ¶ 59. He alleges that Oakland County public defenders Jessica Lashier, Joshua West, and Mark Ambrose contributed to the conspiracy by failing to provide competent legal services and engaging in legal misconduct and malpractice, thereby violating Ayers' Sixth Amendment rights. *Id.* at PageID.551, at ¶ 60. Defendants Lashier and West represented Ayers at trial and defendant Ambrose served as his appellate attorney.

Ayers alleges that following his conviction on the trespass charge, the trial judge, Judge Travis Reeds, appointed his high school friend, defendant Ambrose, to be Ayers's appellate attorney and his other high school friend, Judge Daniel Patrick O'Brien, to be the appellate judge

for Ayers's appeal. That was done, he says, to make sure Ayers's conviction was upheld so that he could not gain employment with Enviro-Clean. *Id.* at PageID.552, at ¶ 63.

It does not appear that defendant Joseph Golden was involved in the trespass prosecution. Instead, Ayers alleges that Golden offered to represent him in his employment lawsuit against Enviro-Clean only to abandon him later, thereby committing fraud and legal malpractice, in furtherance of the conspiracy to prevent Ayers from getting the job. *Id.* at PageID.552, at ¶ 63. Ayers also contends that defendant Kevin Carlson, who runs a federally funded *pro se* clinic, asked defendant Golden to represent Ayers in this action, implicating him in the conspiracy as well. *Id.* at PageID.552, at ¶ 64.

Ayers's new allegations against several others are unrelated to his employment/trespass claims. Those new putative parties are Paul Barch, Robert Alonzi, Brendan Smith, Officer Gomez, Reserve Officer Dzuibu, Kenneth Aryes, John Woychowski, John Morasco, Dennis Whitt, Paul Shakinas, David Gilliam, John Ellsworth, and Bill Bozynski, employees of the Walled Lake and Wolverine Police Departments (Police Department defendants). Ayers alleges that the Police Department defendants acted with malice, recklessness, and callous indifference to his rights under the Constitution, Americans with Disabilities Act (ADA), and Michigan's Person with Disabilities Civil Rights Act (PWDCRA). *Id.* at PageID.554-56, at ¶¶ 72-79, 86, 89-90, 95, 98. Ayers also alleges that on October 22, 2018, Wolverine Lake Officer Brian Dennis "verbally assaulted Beth Ayers," who lives with the plaintiff, "while on Duty." *Id.* at PageID.559, ¶ 93. He alleges that the following year, on April 22 and 25, 2019, Officers Dennis and John Woychowski permitted an individual to trespass on and destroy the plaintiff's property and threatened Beth Ayers with arrest if she defended herself or her property. *Id.* at PageID.558, ¶ 88. Then, he says, on October 28, 2020, John Ellsworth, the Wolverine Lake Police Department's Chief of Police, and officers

Bozynski and Marasco, were bystander when officers Dennis and Woychoski trespassed onto Ayers's property, causing destruction. *Id.* at PageID.557-58, at ¶ 87, 92, 99.

Ayers also names Oakland County Treasurer Andy Meisner in the proposed amended complaint because although Beth Ayers was an Oakland County taxpayer, he and Beth were denied access to public buildings in Oakland County. *Id.* at PageID.561-62, at ¶ 106.

The magistrate judge recommended that the defendants' motions should be granted because that complaint failed to allege facts that supported plausible federal claims against defendants Wolverine Lake Police Department, Golden, West, or Lashier. He suggested that there were no facts alleged against the police department, and the individual defendants are not state actors subject to liability for federal claims under 42 U.S.C. § 1983.

Screening the complaint for merit under 28 U.S.C. § 1915(e), the magistrate judge suggested that the conspiracy allegations were vague, conclusory, and unsupported by any material facts demonstrating an agreement to violate the plaintiff's rights. He recommended that the Court dismiss the claims for violation of the Sixth Amendment, entrapment, malicious prosecution, legal malpractice, conspiracy, fraud, defamation, and disability-based discrimination because there were no facts pleaded in support of them. He suggested that the entrapment claim is not actually a cause of action but rather a criminal defense.

When analyzing the proposed amended complaint, the magistrate judge attempted to separate the allegations that related to the claims stated in the original complaint from allegations that were offered in support of new claims. He recommended denial of the second motion to amend because the proposed amended complaint did not add facts that plausibly supported the original claims, and the new claims bore no relation to the original claims, falling short of the joinder standard set forth in Federal Rule of Civil Procedure 20(a)(2). He also determined that the

proposed claims against the state judge and prosecutor would be barred by immunity doctrines, no facts supported a class-based discrimination conspiracy under 42 U.S.C. § 1985, no "supervisory" or vicarious liability exists under section 1983, the disability-based claims were not supported by sufficiently pleaded facts, and because none of the federal claims had merit, exercising supplemental jurisdiction over the state law claims would be inappropriate. He concluded that the plaintiff's proposed amendment would be futile.

Ayers filed timely objections to the report and recommendation. Defendants Golden and West filed responses.

II.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474

F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A. Objection No. 1

First, Ayers contests the magistrate judge's conclusion that the proposed amended complaint failed to state a claim for which relief can be granted "on every charge," contends that *pro se* filings must be construed liberally, and recites the elements for a negligence claim. The objection lacks sufficient specificity. Moreover, it ignores that basic requirement that a plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). When reviewing a complaint for viability, the Court will accept as true the pleaded facts, but not factual conclusions unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 555). "Plausibility requires showing more than the 'sheer possibility' of relief." *Fabian*, 628 F.3d at 280.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is given considerable latitude, *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Ibid.* Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ibid*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

The plaintiff's complaint falls far short of these requirements, and, for all the reasons described by the magistrate judge, the proposed amended complaint does as well.

Objection number 1 will be overruled.

B.  Objection No. 2

Ayers disputes the magistrate judge's finding that the private attorney defendants are not state actors. Ayers argues that non-state actors can be held liable under section 1983 if they conspire with government officials. Ayers cites Supreme Court case law from Wikipedia. He also

argues that private citizens can be held liable for constitutional violations when government activity dominates the field, which, he says, is the case here.

This argument collides directly with well-established section 1983 jurisprudence. Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant generally do not "act under color of state law" and are therefore generally not subject to suit under section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981); *see also Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (affirming dismissal of claim under section 1915(e)(2) against plaintiff's criminal counsel and holding that the attorney was "not subject to suit under § 1983 since he [was] not a state actor"); *Dunning v. Yuetter,* 12 F. App'x 282, 284 (6th Cir. 2001) (same). A person may be a state actor if he or she "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). But without some plausible and specific factual showing that the person acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a "state actor" and is not subject to suit under 42 U.S.C. § 1983. *Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004).

Ayers states in his proposed amended complaint that his court-appointed attorneys conspired with the trial judge to deprive him of a fair trial in his criminal trespass case. He pleaded no facts to back up that conclusion. Nor does he make any effort to allege state action as to Kevin Carlson or Joseph Golden. The second objection will be overruled.

C. Objection No. 3

Ayers challenges the magistrate judge's recommendation to dismiss the complaint against private attorney Golden, contending that Golden entered into a contract with the plaintiff and

breached it. However, a breach of contract claim is based solely on state law, and the magistrate judge recommended only that the Court not retain jurisdiction over the state law claims if all the federal claims are dismissed. That recommendation is appropriate. *See* 28 U.S.C. § 1367(c)(3). Objection number 3 will be overruled.

### D. Objection No. 4

Ayers objects to the magistrate judge's statement that he screened the complaint and found that it failed to state a claim for which relief can be granted or that it was frivolous. The magistrate judge's statement was proper and merely preceded his detailed analysis. The magistrate judge simply was carrying out the duty mandated by Congress that the Court screen for colorable merit every complaint filed when the plaintiff has been relieved of paying the filing fee in advance under 28 U.S.C. § 1915(a). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)). The screening statute that applies to cases in which the plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte*

dismissal is appropriate if the plaintiff's civil rights complaint, filed *in forma pauperis*, lacks an arguable basis when filed. *Benson*, 179 F.3d at 1015-16. The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by plaintiffs granted pauper status if they "fail[] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). For all the reasons discussed here and by the magistrate judge, the complaint is subject to dismissal under that statute.

Objection number 4 will be overruled.

### E. Objection No 5

In his fifth objection, Ayers contends that the magistrate judge too narrowly construed the complaint, or perhaps the proposed amended complaint, when he determined that the claims against the three public defenders were based on defective representation in the criminal trespass case. Ayers then embarks on a retelling of his story, offering new statements to support a theory that these lawyers tricked him into waiving a jury trial, changed their defense theory to question his competence, and then abandoned the defense altogether. All of this occurred, Ayers states, after the police ginned up a trespassing charge based on a warning letter that, Ayers alleges, never was mailed to him. He contends that he was victimized by a conspiracy and public defender Ambrose was part of it.

The original complaint states no facts to support such a claim. The proposed amended complaint is phrased only in conclusory language. That is not sufficient. The Sixth Circuit has warned that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826

F.2d 1534, 1538 (6th Cir. 1987)). These guidelines have led the court to conclude that the "pleading requirements governing civil conspiracies are relatively strict." *Ibid.*

Neither the complaint nor the proposed amendment states facts from which the reader can infer the existence of "an agreement between two or more persons to injure another by unlawful action," *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)), of which any of Ayers's defense lawyers were a part. There are no allegations of an overt agreement, the suggestion of a motive from which an agreement can be inferred, or any alleged connection between the lawyers and the individuals who supposedly invented a trespass charge to derail Ayers's efforts to obtain employment with Enviro-Clean. That leaves Ayers with claims against his lawyers that sound in malpractice under state law, or hollow federal claims because the lawyers are not state actors.

The magistrate was correct in his observation, and the plaintiff's fifth objection will be overruled.

F. Objection No. 6

The plaintiff apparently takes issue with the magistrate judge's conclusion that Ayers's disability discrimination claim should not proceed against defendant Meixner (Enviro-Clean's lead custodian) and deputy sheriff Laggat; the magistrate judge noted that there were no plausible allegations that these defendants knew about Ayers's disability. Ayers contends that a jury must make that determination, and that his pleaded allegation that defendant Henderson's statement that the plaintiff "was not right for the job" is enough to sustain the ADA claim. However, that statement, even in context with the other pleaded facts, will not support an ADA failure-to-hire claim. Ambiguous and isolated remarks, even referencing a disability, are not sufficient to demonstrate discrimination. *See generally Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 478 (6th Cir.

2002); *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1025-26 (6th Cir. 1993); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 610-11 (11th Cir. 1987). A plaintiff must present a sufficient pleading before a case can be fit for jury consideration.

Objection number 6 will be overruled.

### G. Objection No. 7

Here, Ayers elaborates on his conspiracy theory, referring, no doubt, to his proposed amended complaint. He makes no effort to save his original complaint, which the magistrate judge found inadequate. In this retelling, the plaintiff accuses the state trial judge of conspiring with the prosecutor, the defense trial attorneys, the appointed appellate attorney, and the state circuit judge who entertained the appeal to scuttle his defense in the trespass case. He concludes this objection with a recitation of the elements of a civil conspiracy claim, citing *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007) (identifying (1) a single plan, (2) a shared "conspiratorial objective to deprive the plaintiff[] of [his] constitutional rights," and (3) an overt act). However, Ayers does not challenge the magistrate judge's finding that neither the complaint nor the proposed amended complaint alleges *facts* to back up these conclusions.

Even if the Court were to consider the statements in the objections as part of the pleadings, which they are not, the plaintiff still has not adequately alleged a conspiracy to deny him his constitutional right to an unbiased tribunal. Moreover, any claim based on a defect in the criminal proceedings in state court grounded on allegations of an biased judge, misconduct by the prosecutor, or defective performance of defense counsel may not be advanced in a civil rights complaint unless the plaintiff's trespass conviction has been invalidated on appeal or by a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Objection number 7 will be overruled.

H.  Second Objection No. 7

The plaintiff labeled another objection with the same number as an earlier objection.  This objection is found at ECF No. 46, PageID.692.  The plaintiff takes issue with the magistrate judge's determination that the complaint states no facts to support a conspiracy under 42 U.S.C. §§ 1983 or 1985, asserting that he has stated dates, times, and facts in his proposed amended complaint.  The plaintiff is incorrect.  There are very few factual assertions in the proposed amended complaint.  Rather, the plaintiff's allegations are conclusory, without specific factual detail from which the reader can infer the substance of his conspiracy theories.  "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded.  *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).  Moreover, to plead a conspiracy claim under § 1985, the plaintiff must allege "that the conspiracy was motivated by a class-based animus."  *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994).  There are no facts stated in the complaint or the proposed amendment that suggest such a motivation by any of the defendants.

I.  Objection No. 8

Here, the plaintiff refers to his ADA-based lawsuit that is pending in this Court before another judge, and he explains that defendant Kevin Carlson, who "was running a pro se clinic" that was "funded by the federal government," recruited attorney Joseph Golden to represent the plaintiff in that lawsuit.  Ayers states that Golden withdrew from the case and Carlson "turned Plaintiff away from the pro se clinic."  Even if these allegations are true, they do not state a federal claim against either Golden or Carlson.

Ayers has no right to legal representation in a civil case, *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right."), and therefore no due process violation can result from the withdrawal of counsel in a civil matter or the refusal of a clinic to furnish a litigant with a free lawyer, *Al-Saka v. Sessions*, 904 F.3d 427, 434 (6th Cir. 2018) ("[T]he Due Process Clause does not guarantee a right to government-provided counsel in civil litigation."). Also, as discussed above, Golden is not a state actor and therefore not liable for any civil rights violation under 42 U.S.C. § 1983. And the allegation that Carlson runs a *pro se* clinic that receives federal funds does not make him a state actor. *Rendell–Baker v. Kohn,* 457 U.S. 830, 840 (1982) (holding that "receipt of public funds does not make [an agency's] discharge decisions acts of the State."). In any event, the *pro se* clinic that assists litigants in this Court is "run" by the University of Detroit-Mercy Law School and is privately funded.

Objection number 8 will be overruled.

### J.  Objection No. 9

The plaintiff objects to the magistrate judge's rejection of the claim under the Rehabilitation Act because, he says, all the defendants receive federal funds except defendant Golden. But this statement does not address the magistrate judge's reasoning: that the proposed amended complaint failed to plead any facts that defendant Henderson received federal funds, and that the only plausible allegation of discrimination based on disability involved Enviro-Clean, which is not a party to this lawsuit.

Objection number 9 will be overruled.

K. Objections No. 10 through 12

These objections focus on the magistrate judge's discussion of the claims that Ayers attempted to assert in his proposed amended complaint that are based on an illegal search and seizure by the Walled Lake and Wolverine Lake police departments, and police misconduct directed against Beth Ayers, whom the plaintiff seeks to add as a co-plaintiff. The magistrate judge recommended that the Court deny the motion to amend the complaint in part because these new claims do not relate to the allegations in the original complaint.

The plaintiff contends that he has police reports that will show that he was targeted and harassed by the police departments. He also says that Enviro-Clean based its refusal to hire him on those police reports. If that is true, then the plaintiff may well want to bring that out in his other lawsuit, which is based on the ADA. However, it still is a mystery how those allegations relate to the present action, despite the plaintiff's argument that there is some relationship between the two sets of incidents.

The joinder rules limit the assertion of multiple claims in a single action to those that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" *and* are based on a "question of law or fact common to all defendants . . . ." Fed. R. Civ. P. 20(a)(2). The claims that are based on the second set of facts fail both tests. The magistrate judge properly recommended that the proposed amended complaint be rejected on that basis.

The plaintiff also objects to the refusal of his request to add Scott Baker to the lawsuit. Baker apparently is or was a prosecuting attorney for the Village of Wolverine Lake or perhaps for Oakland County. The allegations against him in the proposed amended complaint simply state that he "engaged in malicious prosecution, defamation, selective law enforcement, intimidation, abuse and harassment . . . toward Beth Ayers." 2d Mot. To Amend Compl., ECF No. 39,

PageID.560-61, at ¶ 100. The plaintiff did not plead any facts to support those conclusory allegations. And there is nothing in the plaintiff's presentations to suggest that Baker was acting in any capacity other than a prosecutor. As such, he would enjoy absolute immunity from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Manetts v. Macomb Cnty. Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998).

The plaintiff's objections to the recommended denial of the motion to amend the complaint will be overruled.

L. Objection 13

In his final objection, Ayers challenges the conclusion that Oakland County Treasurer Andy Meisner should be dismissed from the lawsuit. Ayers repeats his allegations against Meisner, contending that he funds the professional roles of the other defendants. However, the magistrate judge correctly explained that Meisner's official role as the Oakland County Treasurer at the time of the alleged events does not subject him to liability under federal law in a lawsuit by a taxpayer in Oakland County during the same period. To bring a plausible claim against Meisner under section 1983, the plaintiff must plead that Meisner's "own individual actions [] violated the Constitution." *Iqbal*, 556 U.S. at 676. Neither the proposed amended complaint nor Ayers's objections allege the personal involvement of Meisner in any conduct involving the plaintiff or Beth Ayers.

Objection number 13 will be overruled.

III.

Dane Ayers is a plaintiff in another lawsuit pending in this Court that has common roots with the allegations in this case. That other lawsuit has survived (in part) a motion to dismiss that was adjudicated after the case was remanded by the court of appeals. In this case, Ayers attempts

to expand on those failure-to-hire-based claims by alleging a variety of federal causes of action that are grounded in conclusory statements that are untethered to actual pleaded facts. The magistrate judge properly found that the complaint fails to state any viable claims, and the proposed amended complaint is futile because it could not survive a motion to dismiss, it attempts to join claims improperly, and any asserted state law claims should not be retained under the Court's supplemental jurisdiction authority. The magistrate judge correctly applied the governing law. The plaintiff's objections to the report and recommendation are meritless.

Accordingly, it is **ORDERED** that the plaintiff's objections to the report and recommendation (ECF No. 46) are **OVERRULED**, and the report and recommendation (ECF No. 45) is **ADOPTED**.

It is further **ORDERED** that the defendants' motions to dismiss (ECF No. 13, 14, 17) are **GRANTED**.

It is further **ORDERED** that the plaintiff's motions to amend the complaint (ECF No. 26, 39) are **DENIED**.

It is further **ORDERED** that the federal claims in the complaint are **DISMISSED WITH PREJUDICE** and the state law claims are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   September 23, 2021